# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| **LEORDANIS FUMERO PELAÉZ,** | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | |
| | § | |
| **MARY DE ANDA YBARRA;** | § | |
| **PAMELA BONDI,** *Attorney General*;[1] | § | **EP-26-CV-01587-DCG** |
| **TODD M. LYONS,** *Interim Director, ICE*;[2] | § | |
| **and MICHAEL WALKING,** | § | |
| *Director, Camp Montana East*, | § | |
| | § | |
| *Respondents*. | § | |

## ORDER GRANTING IFP APPLICATION
## AND DISMISSING PETITION WITHOUT PREJUDICE

For the following reasons, the Court:

(1)    **GRANTS** *pro se* Petitioner Leordanis Fumero Pelaéz's Application to Proceed *In Forma Pauperis* ("IFP"); and

(2)    **DISMISSES** the above-captioned case **WITHOUT PREJUDICE**.

---

[1] Ordinarily, the Court would direct the Clerk of Court to substitute Acting Attorney General Todd Blanche in Former Attorney General Pamela Bondi's place as a named Respondent in this case. FED. R. CIV. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name . . . . The court may order substitution at any time . . . .").

Because this case is subject to summary dismissal, however, *see infra* Section II.B, the Court sees no purpose in ordering the Clerk of Court to modify the case caption.

[2] For the same reason, the Court will not direct the Clerk of Court to substitute David J. Venturella, Senior Official Performing the Duties of the Director of ICE, in Former Acting Director Todd M. Lyons's place as a named Respondent. *See supra* note 1.

## I.    BACKGROUND

Petitioner is a Cuban citizen whom the Government is detaining at ERO El Paso Camp East Montana.[3]  The Government issued a final removal order against Petitioner on May 15, 2026.[4]

Petitioner seeks to file a Petition for Writ of Habeas Corpus challenging the legality of his detention.[5]  He seeks to file that Petition IFP—that is, without prepaying the applicable filing fee.[6]

## II.    DISCUSSION

### A.    The Court Grants Petitioner's IFP Application

Petitioner declares under penalty of perjury that he has no income or assets.[7]  The Court therefore agrees that Petitioner lacks the financial capability to pay the applicable filing fee— and, thus, is eligible to proceed IFP.[8]

### B.    The Court Dismisses the Petition Under the IFP Statute's Prescreening Provisions

Having obtained the Court's leave to proceed IFP, Petitioner is subject to the IFP statute's prescreening provisions, which require the Court to "dismiss the case . . . if the [C]ourt

---

[3] *See* Proposed Pet., ECF No. 1-1, at 1, 6.

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, rather than the cited document's internal pagination.

[4] *See id.* at 4 ("Date of the removal or reinstatement order: 05/15/2026"); *id.* at 6 ("[T]he final deportation order was issued on May 05/15/2026.").

[5] *See id.* at 1, 6–7.

[6] *See* IFP Appl., ECF No. 1, at 1–2.

[7] *See id.*

[8] *See, e.g.*, *Perez v. Saul*, No. 2:19-cv-00039, 2019 WL 8014661, at *1 (W.D. Tex. July 29, 2019) (granting IFP application where plaintiff had "no income or assets of her own of any sort").

determines that . . . the action . . . fails to state a claim on which relief may be granted."[9]  For the following reasons, Petitioner has failed to plead a valid legal challenge to his detention.

"8 U.S.C. § 1231(a) requires the government to detain aliens for the ninety days after a removal order becomes final—unless, of course, the government removes them during that ninety-day period."[10]  Petitioner's order of removal became final on May 15, 2026,[11] so Petitioner's 90-day removal period won't expire until August 13, 2026 at the absolute earliest.[12] Until then, Petitioner will have no valid basis to challenge the legality of his ongoing detention.[13]

---

[9] *See* 28 U.S.C. § 1915(e)(2).

*See also, e.g.*, *Solomon v. Page*, No. 2:24-MC-00159, 2024 WL 4719890, at *1 (S.D. Tex. Sept. 17, 2024) (explaining that 28 U.S.C. § 1915(e)(2)(B) "imposes a screening responsibility on the district court when the plaintiff has been granted IFP status"), *report and recommendation accepted by* 2024 WL 4982993 (S.D. Tex. Dec. 4, 2024).

*See also, e.g.*, *Ali v. Immigr. & Customs Enf't*, No. 1:16-CV-037, 2017 WL 4325785, at *1 (N.D. Tex. Aug. 29, 2017) (applying 28 U.S.C. § 1915(e)(2)(B)'s prescreening provisions to a lawsuit filed by an immigration detainee), *report and recommendation accepted by* 2017 WL 4296756 (N.D. Tex. Sept. 26, 2017).

[10] *E.g.*, *Picazo Ambriz v. Warden*, No. 3:26-CV-01218, 2026 WL 1459598, at *1 (W.D. Tex. May 15, 2026) (Guaderrama, J.).

*See also* 8 U.S.C. § 1231(a)(1)(A) ("Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')."); *id.* § 1231(a)(1)(B) (providing (with certain exceptions) that "[t]he removal period begins on . . . [t]he date the order of removal becomes administratively final"); *id.* § 1231(a)(2)(A) ("During the removal period, the Attorney General shall detain the alien.").

[11] *See supra* note 4 and accompanying text.

[12] *But see* 8 U.S.C. § 1231(a)(1)(C) (specifying circumstances in which "[t]he removal period shall be extended beyond a period of 90 days").

[13] *See, e.g.*, *Picazo Ambriz*, 2026 WL 1459598, at *1 ("Habeas is at its core a remedy for unlawful executive detention.  Based on the facts alleged in the Petition, Petitioner's current detention isn't just lawful—it's mandated by § 1231(a)(2).  Thus, Petitioner doesn't have a viable claim that his ongoing detention is prohibited by statute.  And because § 1231(a)(2) also passes constitutional scrutiny, he doesn't have a viable claim that his ongoing detention is prohibited by the Constitution either.  For these reasons, it plainly appears from the petition that Petitioner is not entitled to any relief.  (At least not yet.)" (citation modified)).

### III.    CONCLUSION

The Court therefore **GRANTS** Petitioner's "Application to Proceed in District Court Without Prepaying Fees or Costs" (ECF No. 1).

The Court also **DISMISSES** the above-captioned case **WITHOUT PREJUDICE** to Petitioner filing a new habeas case after his 90-day mandatory detention period ends on August 13, 2026.

The Court **CLOSES** the case.

The Clerk of Court **SHALL MAIL** this Order to:

Leordanis Fumero Pelaéz
ERO El Paso Camp East Montana
6920 Digital Road
El Paso, TX 79936

Just in case the Government relocates Petitioner to another facility while this mailing is in transit, the Clerk of Court **SHALL ALSO MAIL** this Order to:

Leordanis Fumero Pelaéz
El Paso Service Processing Center
8915 Montana Avenue
El Paso, TX 79925

**So ORDERED and SIGNED this 18th day of June 2026.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**